UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
:
IN RE: :
: ORDER
TERRORIST ATTACKS ON :
SEPTEMBER 11, 2001 : 03 MDL 1570 (GBD) (SN)
:
:
------------------------------------x

This document relates to:

*In re Approximately $3.5 Billion of Assets on Deposit at the Federal Reserve Bank of New York in the Name of Da Afghanistan Bank*, No. 22-cv-03228 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

Certain Plaintiffs in the above captioned multidistrict litigation have attempted to obtain relief outside of the MDL. Plaintiffs The Estate of Christopher Wodenshek, Anne Wodenshek, Sarah Wodenshek, Haley Wodenshek, Mollie Wodenshek, William Wodenshek, and Zachary Wodenshek (the "Wodensheck Plaintiffs") are part of the MDL member case *Ashton*, Case No. 02-cv-6977. They have recently filed a separate class action complaint in *In re Approximately $3.5 Billion of Assets on Deposit at the Federal Reserve Bank of New York in the Name of Da Afghanistan Bank*, No. 22-cv-03228 (GBD) (SN). (ECF No. 1, Case No. 22-cv-03228.) In that separate action, the Wodensheck Plaintiffs sought a class certification of "all persons and/or estates with a compensatory damages claim against the Taliban on file in a U.S. court of record as of April 20, 2022," an injunction "enjoining any judgment enforcement proceeding in any court affecting the DAB Assets pending adjudication of Plaintiffs' Class Action Complaint," and the equitable distribution of assets currently on deposit at the Federal Reserve Bank of New York ("FRBNY") in the name of Da Afghanistan Bank ("DAB"). (ECF No. 1 at ¶¶ 1, 8, 57, 70.) The DAB assets are at issue in current turnover proceedings in the MDL. (ECF Nos. 7763, 7767, Case No. 03-md-1570.)

Filing this separate complaint, while acknowledging that the Wodensheck Plaintiffs have pending proceedings in the MDL, is wholly inappropriate. The Wodensheck Plaintiffs request that their class action lawsuit be related to *Owens v. Taliban*, Case No. 22-cv-1949 was denied by Judge Valerie Caproni, and instead the case has been reassigned as related to the MDL. Any claims arising out of the MDL, and arguably related to the distribution of the DAB assets, shall be heard in the pending turnover proceedings within the context of the MDL.

The Wodensheck Plaintiffs also seek a temporary restraining order to "to enjoin all judgment enforcement proceedings in any court affecting the DAB Assets pending adjudication of Plaintiffs' Class Action Complaint." (ECF No. 6, Case No. 22-cv-03228.) "[A] party seeking a temporary restraining order…'must demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party.'" *Pers. v. United States*, No. 19 CIV. 154 (LGS), 2019 WL 258095, at *1 (S.D.N.Y. Jan. 18, 2019) (quoting *Prospect Park Ass'n v. Delaney*, No. 18 Civ. 4852, 2018 WL 3542860, at *2 (S.D.N.Y. July 23, 2018)). The Wodensheck Plaintiffs fail to come close to meeting this burden. Therefore, the request for a temporary restraining order is hereby DENIED.

The Court will hold a conference with the parties on April 26, 2022 at 11:00 AM to inform all interested parties regarding the process for addressing the outstanding issues presently before the Court.

Dated: April 21, 2021
      New York, New York

SO ORDERED.

*[Signature: George B. Daniels]*
GEORGE B. DANIELS
United States District Judge