UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                                              :
IN RE:                                                        :
                                                              :       ORDER
APPROXIMATELY $3.5 BILLION OF ASSETS ON                       :
DEPOSIT AT THE FEDERAL RESERVE BANK OF                        :       22 CIV 03228 (GBD) (SN)
NEW YORK IN THE NAME OF DA AFGHANISTAN                        :
BANK                                                          :
                                                              :
------------------------------------------------------------- x

This document relates to:

    *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

    Plaintiffs The Estate of Christopher Wodenshek, Anne Wodenshek, Sarah Wodenshek, Haley Wodenshek, Mollie Wodenshek, William Wodenshek, and Zachary Wodenshek (the "Wodensheck Plaintiffs") in the MDL captioned action, *Ashton, et al v. Al Qaeda Islamic, et al*, Case No. 02-cv-6977, attempt to bring this separate proposed class action "seeking the equitable distribution" of funds currently deposited "at the Federal Reserve Bank of New York in the name of Da Afghanistan Bank ("DAB")."[1] (Class Action Complaint, ECF No. 1, at ¶ 1.) The Wodensheck Plaintiffs seek a class certification of "all persons and/or estates with compensatory damages claim against the Taliban on file in a U.S. court of record as of April 20, 2022." (Class Action Complaint at ¶ 8.) The complaint also sought an injunction "enjoining any judgment

---

[1] The Wodensheck Plaintiffs attempted to file the class action as related to *Owens, et al. v. Taliban*, case no. 22-cv-1949, before Judge Valerie E. Caproni instead of filing any application in the MDL captioned action in which they are already Plaintiffs.

enforcement proceeding in any court affecting the DAB Assets pending adjudication of Plaintiffs' Class Action Complaint." (*Id.*)  This Complaint is improper and is DISMISSED.[2]

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504 (2d Cir. 2019).  This rule is known "as the rule against duplicative litigation" or "claim splitting."  *Id.*; *see also, LG Elecs., Inc. v. Wi-Lan USA, Inc.*, 623 F. App'x 568, 570 (2d Cir. 2015) ("Th[e] rule against claim splitting is based on the belief that it is fairer to require a plaintiff to present in one action all of his theories of recovery relating to a transaction, and all of the evidence relating to those theories, than to permit him to prosecute overlapping or repetitive actions in different courts or at different times.")  Essentially, a plaintiff cannot bring two of the same suits "that are both still pending," because a plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Sacerdote*, 939 F.3d at 504 (citing *The Haytian Republic*, 154 U.S. 118, 124 (1894)) .

This purported class action complaint was clearly duplicative no matter how the Plaintiffs dress up the claims.  The Wodensheck Plaintiffs acknowledge that they are part of the MDL. (Class Action Complaint at ¶¶ 11-13.)  They are in fact members of the MDL member case *Ashton*, Case No. 02-cv-6977, in which they have obtained liability judgments and have pending proposed final default judgments.  (*See* Class Action Complaint at ¶¶ 11-13.)  Their separate class action complaint is wholly about the "equitable distribution" of the DAB assets, including their damages in the *Ashton* case.  The DAB assets are at issue in current turnover proceedings in the MDL. (ECF Nos. 7763, 7767, Case No. 03-md-1570.)  The turnover proceedings are consistent with President Biden's executive order and accompanying statement retaining 3.5 billion dollars of DAB Assets

---

[2] For the same reasons that the Court denied a temporary restraining order in its April 21, 2022 order, Plaintiffs' application for a preliminary injunction is also DENIED.

in the United States subject to ongoing litigation by U.S. victims of terror.[3] Nothing about this proposed class action suit brings new claims that cannot be heard in the related MDL. Since a Plaintiff cannot maintain duplicate actions, the class action complaint is DISMISSED.[4] The Clerk of Court is directed to close the case accordingly.

Dated: April  , 2022       APR 27 2022
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

---

[3] *See* Press Release, White House, *FACT SHEET: Executive Order to Preserve Certain Afghanistan Central Bank Assets for the People of Afghanistan* (FEB. 11, 2022), https://www.whitehouse.gov/briefing-room/statements-releases/2022/02/11/fact-sheet-executive-order-to-preserve-certain-afghanistan-central-bank-assets-for-the-people-of-afghanistan/ ("Many U.S. victims of terrorism, including relatives of victims who died in the September 11, 2001 terrorist attacks, have brought claims against the Taliban and are pursuing DAB assets in federal court. Because some of these plaintiffs currently have writs of execution against the DAB assets, the court will need to issue a further decision regarding the scope of those writs. Even if funds are transferred for the benefit of the Afghan people, more than $3.5 billion in DAB assets would remain in the United States and are subject to ongoing litigation by U.S. victims of terrorism. Plaintiffs will have a full opportunity to have their claims heard in court.").

[4] Given that damages in this case raise such highly individualized questions and require individualized proof, class action in this MDL is inappropriate.